**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **BI SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-1477 (RMC)** |
| | ) | |
| **STANLEY CAMPBELL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Sharon Pratt, Keith Taylor, and Stanley Campbell are equity members of a Virginia limited liability company called BI Solutions, LLC, each holding a 30% equity interest. On July 23, 2009, the company filed a complaint against Campbell, Chair of the Board, in the Superior Court for the District of Columbia, alleging breach of contract, breach of implied duty of good faith and fair dealing, and breach of fiduciary duties. *See* Def.'s Notice of Removal ("Def.'s Notice") [Dkt. # 1], Ex. 1 (Complaint). Mr. Campbell, proceeding *pro se*, filed a counterclaim, alleging, among other things, violations of 15 U.S.C. § 1125. He then noticed removal to this Court, claiming that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* Def.'s Notice at 2. For the reasons set forth below, this Court lacks jurisdiction and will remand this case to Superior Court.

"When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venez. v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *see* 28 U.S.C. 1447(c). Additionally, "[i]t is well established that a federal court cannot act in the absence of jurisdiction, and that

jurisdictional issues may be raised by the court *sua sponte*." *Am. Library Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005) (internal citations omitted). Federal district courts have original jurisdiction over civil actions arising under federal statutes. 28 U.S.C. § 1331. Plaintiff's claims here all arise under state law or common law. Defendant raises a federal claim in his First Amended Counterclaim, *see* Def.'s Notice, Ex. 3, but "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). Thus, there is no federal question jurisdiction here.

Federal district courts also have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. A court lacks diversity jurisdiction if there are litigants from the same state on opposing sides of the controversy. *See id.* § 1332(a)(1); *Prakash v. Am. Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984). A corporation is deemed to be a citizen of the state in which it is incorporated *and* the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff BI Solutions is a Virginia corporation with its principal place of business in Washington, D.C. Mr. Campbell is a resident of Virginia. As both parties are citizens of Virginia, the Court lacks diversity jurisdiction, as well. Accordingly, this case will be remanded to the Superior Court of the District of Columbia. A memorializing order accompanies this memorandum opinion.

Date: August 7, 2009 /s/
ROSEMARY M. COLLYER
United States District Judge